UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURA BROWN,

      Plaintiff,

v.                                              Case No. 05-70988
                                              Honorable Patrick J. Duggan

AMERICAN AXLE &
MANUFACTURING, INC.,

      Defendant.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on October 24, 2005.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

On February 8, 2005, Plaintiff filed a four-count complaint against Defendant in Wayne County Circuit Court. Specifically, Plaintiff alleged claims of discrimination and retaliation arising under Michigan's Elliott-Larsen Civil Rights Act ("Elliott-Larsen"), MICH. COMP. LAWS ANN. §§ 37.2101-2804. On March 14, 2005, Defendant removed Plaintiff's complaint to this Court pursuant to 28 U.S.C. § 1331, asserting that Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). In its Notice of Removal, Defendant states that "Plaintiff, as a bargaining unit employee, makes allegations, the resolution of which will involve

1

construction/interpretation of the collective bargaining agreement between the parties...." Now pending before the Court is Plaintiff's motion to remand the complaint to state court, filed September 7, 2005. In her motion, Plaintiff argues that resolution of the claims in her complaint do not require interpretation of a collective bargaining agreement and therefore her state law claims are not preempted by federal law. The Court held a hearing on Plaintiff's motion on October 20, 2005.

### Factual Background

Plaintiff is an African-American female who has worked for Defendant since November 7, 1994. *See* Compl. ¶¶ 7-8. According to Defendant, Plaintiff became a member of Local 262 of the United Auto Workers shortly after she was hired and has remained a member throughout her employment. *See* Resp. at 2. Defendant and the national and local union are parties to collective bargaining agreements which govern the terms and conditions of Plaintiff's employment. *See id*. & Ex. A & B.

In 1996, Plaintiff applied for a position with Defendant as a Hi-Lo driver. *See* Compl. ¶ 9. At that time, Defendant did not employ any female Hi-Lo drivers on the day shift. *See id*. ¶ 10. Plaintiff claims Defendant told her she was not being considered for the Hi-Lo position, even though she had the most seniority of all the job applicants. *See id*. ¶ 11. After Plaintiff complained to a civil rights representative that she was being discriminated against based on her sex, Defendant offered Plaintiff a position as a Hi-Lo driver. *See id*. ¶¶ 12-13. Plaintiff claims she thereafter has been subjected to less favorable treatment than male Hi-Lo drivers because that she has been denied overtime in

2

favor of male Hi-Lo drivers, has received less favorable job assignments than male Hi-Lo drivers, has been denied promotional opportunities, has been improperly written up, and has been treated unfairly with regard to the approval of medical leave and time off to attend medical appointments. *See id*. ¶¶ 14-20. Plaintiff asserts that despite her complaints to the company through her union representative and to the Michigan Department of Civil Rights, her work environment has not improved. *See id*. § 25.

## Applicable Law

Defendant removed Plaintiff's complaint to federal court asserting federal-question jurisdiction under 28 U.S.C. § 1331.[1] Pursuant to Section 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." To determine whether federal-question jurisdiction exists, the courts look to the plaintiff's complaint:

> "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint . . . The rule makes the plaintiff the master of the claim; he or she may avoid the federal jurisdiction by exclusive reliance on state law.

*Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989)(en banc)(quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987)). It is well established, however, that state law claims arising from a breach of a collective

---

[1] The Court assumes that it lacks subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332.

bargaining agreement ("CBA") are preempted by Section 301 of the LMRA and may be removable to federal court regardless of whether the plaintiff actually alleges federal claims on the face of his or her complaint. *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13, 57 S. Ct. 96, 97-98 (1936)). But it also is "settled law" that a federal defense may not be the basis of removal to federal court. *See id*.

A court's determination of whether a state law claim is preempted by the LMRA focuses on whether the state law "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract, or, instead, whether evaluation of the . . . claim is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 105 S. Ct. 1904, 1912 (1985). As the Supreme Court subsequently explained, a state law is not preempted by the LMRA if "resolution of the state-law claim does not require construing the collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 US. 399, 407, 108 S. Ct. 1877, 1882 (1988). Using this approach, the Supreme Court and the Sixth Circuit consistently have held that an employee's state law claims of retaliation and civil rights violations are not preempted by Section 301 of the LMRA. *See, e.g., Lingle*, 486 US. 399, 108 S. Ct. 1877 (holding that the factual questions underlying the tort of retaliatory discharge for filing a worker's compensation claim, including whether the employer had a non-retaliatory reason for the discharge, would not require a court to interpret any term of the collective bargaining agreement); *Harper v. AutoAlliance Int'l,*

4

*Inc.*, 392 F.3d 195, 209-10 (6th Cir. 2004)(holding that employee's retaliatory discharge claims under Michigan Workers' Disability Compensation Act and Elliot-Larsen Civil Rights Act were not "inextricably intertwined" with the terms of the CBA and therefore were not preempted); *Smolarek*, 879 F.2d at 1331-33 (relying on *Lingle* to hold that the employee's claims for retaliatory discharge under Michigan Workers' Disability Compensation Act and for discrimination under Handicappers' Civil Rights Act were not preempted by the LMRA).

## Analysis

In the present case, Plaintiff alleges that Defendant violated Elliott-Larsen by discriminating against her on the basis of sex and retaliating against her for complaining about this treatment to the company and the union. As the Sixth Circuit has held, "Michigan employees have the right not to be discriminated against on the basis of age or handicap without regard to the collective bargaining agreement's language about an employee's rights." *O'Shea v. Detroit News*, 887 F.2d 683, 687 (6th Cir. 1989). Similarly, Elliott-Larsen grants Michigan employees the right not to be retaliated against based on their complaints regarding discrimination. *See Harper, supra*. Thus the Court concludes that Elliott-Larsen "confers nonnegotiable state-law rights on employers or employees independent of any right established by contract . . ." *Lueck*, 417 U.S. at 213, 105 S. Ct. at 1912.

Defendant argues that Plaintiff's state law claims are preempted because each claim requires, as an essential element, proof that Plaintiff suffered an "adverse

employment action." According to Defendant, the actions Plaintiff claims were adverse are subjects of the CBA and thus the Court must interpret the CBA to determine Plaintiff's rights on these subjects. Plaintiff, however, is arguing that she was treated differently than male employees with respect to these subjects (overtime, job assignments, promotional opportunities, medical leave). In order to make this determination, it is not necessary to interpret the CBA. Defendant may allege as a defense that it had a legitimate non-discriminatory reason for treating Plaintiff differently– i.e. its treatment of Plaintiff was dictated by the terms of the CBA; however, as set forth previously, the Sixth Circuit consistently has held that a defendant's defense that certain treatment was permitted or required by a CBA does not support removal to federal court. *See, e.g., Smolarek*, 879 F.2d at 1333 (stating that "[t]he assertion of a defense requiring application of federal law, however, does not support removal to federal court"); *O'Shea*, 887 F.2d at 687 (stating that "[i]t is irrelevant to the preemption question whether or not the employer can defend by showing it had the right under the collective bargaining agreement to do what it did.")

The Court therefore holds that Plaintiff's state law claims are not preempted by the LMRA. As Defendant does not assert that this Court otherwise has subject matter jurisdiction over Plaintiff's complaint, the matter shall be remanded to Wayne County Circuit Court. The Court should note that it is irrelevant that Plaintiff only filed her motion to remand "over seven months after this case was removed from Wayne County Circuit Court," *see* Resp. at 1, as a court can remand a case for lack of subject matter

jurisdiction at any time, even on appeal. *See, e.g., Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318 (6th Cir. 2005)(reversing district court's decisions denying the plaintiff's motion to remand and granting summary judgment to the defendant, finding that the plaintiff's state law claim in fact was not preempted by federal law and district court therefore lacked subject matter jurisdiction).

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion to Remand is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiff's complaint shall be **REMAND** to the Wayne County Circuit Court.

							s/PATRICK J. DUGGAN
							UNITED STATES DISTRICT JUDGE

Copies to:
David A. Nacht, Esq.
Elizabeth Malone, Esq.